UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MARTIN RANDOLPH MINIX,

               Petitioner,             Case No. 2:13-cv-132

v.                                     Honorable R. Allan Edgar

JEFFREY WOODS,

               Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Respondent has filed a motion for summary judgment and dismissal of the petition for writ of habeas corpus and brief in support (docket #15), as well as the Rule 5 Materials. In the motion, Respondent asserts that Petitioner's habeas corpus application is barred by the one-year statute of limitations.

As noted by Respondent, the Rule 5 materials show that Petitioner was found guilty by a jury of unlawful imprisonment, animal torture, and use of morphine on October 30, 2007, and was sentenced to 19 to 40 years imprisonment. Petitioner filed an appeal of right in January of 2008, which was denied by the Michigan Court of Appeals on June 30, 2009. *See People v. Minix*, No. 283060, 2009 WL 1879761. Petitioner's subsequent appeal to the Michigan Supreme Court was denied on December 21, 2009. *See People v. Minix*, No. 775 N.W.2d 787; 485 Mich 1010.

Petitioner filed a motion for relief from judgment in the trial court on December 1, 2010, which was denied on October 17, 2011. *See People v. Minix*, Kalkaska Cir. Court No.

07-2836-FH (Oct. 17, 2011), docket #15-4, pp. 1-7 of 16.  On June 1, 2012, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals.  On September 7, 2012, the Michigan Court of Appeals dismissed Petitioner's application because it was untimely pursuant to Michigan Court Rule 7.205(F)(3).  *See People v. Minix*, Michigan Court of Appeals No. 310577, docket #30, *see also* docket #15-5.  On October 23, 2012, Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied on April 1, 2013.  *See People v. Minix*, 493 Mich 952; 828 N.W.2d 37 (Mich. 2013) (unpublished).  Petitioner filed the instant habeas corpus petition on April 12, 2013.

Respondent states that Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Section 2244(d)(1) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on December 21, 2009. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on March 22, 2010.

Petitioner had one year from March 22, 2010, to file his habeas application or to take some action tolling the running of the period of limitations. Petitioner filed his motion for relief from judgment on December 1, 2010, which tolled the running of the statute of limitations. At this point, 254 days had run on the statute of limitations. Therefore, Petitioner had 111 days left to file his habeas corpus petition once the statute of limitations resumed running. Petitioner took no further action until June 1, 2012, when he filed a delayed application for leave to appeal in the Michigan Court of Appeals. As noted above, the Michigan Court of Appeals dismissed Petitioner's application on September 7, 2012, for failure to timely file it under the Michigan Court Rules.

Petitioner's application for leave to appeal from the denial of his motion for relief from judgment was not "properly filed" as required by § 2244(d)(2) to toll. "Properly filed" means

that the document's "delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Petitioner's application for leave to appeal was dismissed "because appellant failed to file the application within the time period required by MCR 7.205(F)(3)." *See* Mich. Ct. App. Ord., docket #30.

A motion is not "properly filed" when the state court dismisses it as untimely. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Artuz*, 531 U.S. at 8-9; *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001); *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (declining to apply federal mailbox rule to state post-conviction filings). Moreover, a petitioner may not challenge the state court's determination of timeliness. *See Vroman*, 346 F.3d 598, 604 (6th Cir. 2003); *Israfil*, 276 F.3d at 771. "Because state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and rules of practice." *Id.* at 771; *see also Vroman*, 2003 WL 22170195, at *4.

Therefore, it is clear that this type of deficiency in filing renders Petitioner's application for leave to appeal not "properly filed" for purposes of § 2244(d)(2)  For this reason, Petitioner's attempt to appeal the denial of his motion for relief from judgment to the Michigan Court of Appeals cannot toll the limitation period. However, where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" ) (emphasis added). Pursuant to Michigan Court Rule 7.205(F)(3), Petitioner had six months to file a delayed application for leave to appeal the denial of

- 4 -

his motion for relief from judgment. Consequently, the limitations period began to run again on April 18, 2012, six months after the trial court denied Petitioner's motion for relief from judgment. As noted above, Petitioner had 111 days remaining in the limitations period when he filed his motion for relief from judgment. Therefore, Petitioner had until August 7, 2012, to file his habeas corpus petition in this court or to otherwise toll the statute of limitations.

As noted above, Petitioner's delayed application for leave to appeal in the Michigan Court of Appeals was not properly filed and did not toll the statute of limitations. Moreover, even if Petitioner's October 23, 2012, appeal to the Michigan Supreme Court was properly filed, the statute of limitations had already expired. Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Akrawi*, 572 F.3d at 260.

Petitioner contends that he is entitled to equitable tolling based on the fact that he did not have proof that the key witness in his criminal trial had a felony conviction until May 13, 2011, during the time that his motion for relief from judgment was already pending in the trial court. In Petitioner's motion for relief from judgment, he asserted a *Brady* violation based on the prosecutor's alleged suppression of the fact that its key witness had a felony conviction. Petitioner states that once he had this proof, he submitted it to the trial court for consideration in the motion for relief from judgment. The court notes that the fact that Petitioner did not have proof of the key witness' criminal history until May 13, 2011, does not explain his delay in filing an appeal of the denial of the motion for relief from judgment. Therefore, Petitioner's claim that he is entitled to equitable tolling lacks merit.

For the foregoing reasons, I recommend that Respondent's motion for summary judgment based on the one-year statute of limitations (docket #15) be granted and the petition be dismissed.

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  April 17, 2014

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).