UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

MARTIN RANDOLPH MINIX,

        Petitioner,        Case No. 2:13-cv-132

v.        Honorable R. Allan Edgar

JEFFREY WOODS,

        Respondent.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on December 30, 2013. The Report and Recommendation was duly served on the parties. The Court has received objections from the Petitioner, as well as a motion to stay proceedings. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In the report and recommendation, United States Magistrate Judge Timothy P. Greeley recommended that the habeas corpus petition be denied because it is barred by the one-year statute of limitations, and that a certificate of appealability be denied. Petitioner now asserts that in May of 2014, he learned of new and exculpatory evidence that directly impeached the credibility of Theresa Marie Zimmer, Plaintiff's alleged victim and the sole witness in the criminal case against Plaintiff. According to Plaintiff's sister, she saw Lisa Leffingwell at the grocery store in April of 2014, and that Ms. Leffingwell told her that in 2007, Zimmer admitted to her that she had liked about

Petitioner holding her hostage and refusing to allow her to use the phone because she was angry that Petitioner had killed her cat. Ms. Leffingwell also stated that she had reported this to Deputy Buchanan, who indicated that he would look into it. Petitioner's sister subsequently advised Petitioner of this conversation. Petitioner attaches a copy of his sister's affidavit in support of this claim. Petitioner also asserts that he is including a copy of Ms. Leffingwell's affidavit as Exhibit A to his motion to stay, however, no such exhibit is attached to the motion.

Petitioner asserts that because the recent evidence supports a claim of actual innocence with regard to the unlawful imprisonment conviction, he is entitled to a stay of proceedings in order to give him time to file a motion for post-conviction relief in the state court. In *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner is not entitled to equitable tolling of the statute of limitations on the basis of a claim of actual innocence. *Id.* Instead, the Court ruled that a petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.

In order to making a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. 1924, 1933 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). "[T]he standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. [T]o be credible, a gateway claim requires new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness

accounts, or critical physical evidence - that was not presented at trial." *House v. Bell*, 547 U.S. 518, 537 (2006) (internal quotation marks omitted). The Court must consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.* (internal quotation marks omitted). "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House*, 547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 327) (internal quotation omitted).

In light of the evidence, I find that Petitioner failed to establish that it is more likely than not that no reasonable juror would have convicted him. As noted above, Petitioner offers an affidavit executed by his sister, which asserts that a former friend of the complainant told his sister that the complainant had lied when she claimed that Petitioner had imprisoned her. Although Petitioner states that his motion to stay is supported by an affidavit of the complainant's former friend, he fails to attach such an affidavit. In addition, the court notes that the timing of Petitioner's acquisition of the "new evidence" is somewhat suspicious in that it occurred shortly after the issuance of the Magistrate Judge's report and recommendation in this case. The court concludes that the evidence provided by Petitioner is not sufficient to withstand the rigorous standard of *Schlup v. Delo*. Therefore, Petitioner is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and Petitioner's application is DISMISSED.

IT IS FURTHER ORDERED that Petitioner's motion to stay (docket #51) is DENIED.

FINALLY, IT IS ORDERED that a certificate of appealability is DENIED as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on procedural grounds that it is barred by the applicable statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of Petitioner's claims on the procedural grounds that they are barred by the applicable statute of limitations. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the Petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.


Dated:        7/28/2014                      */s/ R. Allan Edgar*
                                             R. ALLAN EDGAR
                                             UNITED STATES DISTRICT JUDGE